Adele, Marquise de Portes, appellant,

*v.*

Henry A. Hurlbut, et al., surviving executors of will of Benjamin H. Hutton, deceased, respondents.

1. Bill for construction of will. Certain clauses construed.

2. An account cannot be ordered in such a bill that does not seek it, either inferentially or by express prayer.

On appeal from a decree of Chancellor Runyon, whose opinion is reported in *Hurlbut* v. *Hutton, 15 Stew. Eq. 15.*

*Mr. B. Williamson,* for appellant.

*Mr. F. Frelinghuysen* and *Mr. C. Parker,* ior respondents.

The opinion of the court was delivered by

Beasley, Chief-Justice.

The purpose of this bill was to obtain a judicial construction, in several particulars, of the will of Benjamin H. Hutton, deceased, but on this appeal only one of such questions is presented for solution.

The appellant is one of the daughters of the decedent, and the matter to be now decided is, whether certain advances alleged to have been made by the testator to the husband of the appellant during his lifetime, shall be deducted from her residuary share.

The decedent had three children, among whom he distributed his estate, giving each of them an interest in the residuum after the payment of legacies. The litigious clause in his will is in these words:

"I have heretofore become responsible for certain sums of money loaned to the Marquis de Portes (husband of my daughter Adele), by Auguste Seydoux, Sieber & Company on his estate of Portes, in or near Mire Poix, France, and as I may make further loans and advances on said estate or may purchase the same, it is my will that the whole of such loans, advances or purchase-money shall form part of and be deducted from the share or interest of my daughter Adele in and to my residuary estate, as provided for as before mentioned, and that the same and the securities taken upon such loans, be assigned and transferred to her as and for her sole and separate estate as aforesaid, and be subject, in all things, to the provisions of my will in respect of her said share. In the event of my purchasing or becoming the possessor of the said estate of Portes, in France, I give and devise the said estate of Portes to my daughter Adele if she survive me; if not, to her issue by the said Marquis de Portes. If my daughter Adele shall not survive me, or shall die without issue, then the said estate of Portes shall go to my issue and their heirs; or if there shall, at time of her death, be no issue of mine living, then to my next of kin in equal shares *per stirpes.*"

Subsequently to the execution of this will the testator lent to his son-in-law, the Marquis de Portes, two hundred and eighty thousand francs, which were secured on the estate de Portes by an antichresis, a kind of French mortgage. In this instrument, it was stipulated that Mr. Hutton would advance the further sum of one hundred and fifty thousand francs, such money to be used by him in the improvement of the estate de Portes, into the possession of which he was to be put. The antichresis further provided that the testator should have the fullest enjoyment of this estate de Portes, investing him with the right to receive the rents and income, and which, after the payment of interest on mortgages, taxes &c., was to be applied by him to the liquidation of his own debt, secured by the antichresis.

Marquise de Portes v. Hurlbut.

The testator took possession of this property, but died without having become the purchaser of it.

In this connection, the bill alleges as follows, viz. :

" Your orators are further informed and believe that the said Benjamin H. Hutton made the loan and advances provided in the said instrument of Antichrése so called, and that he has, since the same was made, advanced other large sums of money, and that there stands charged to the said Adele, Marquise de Portes, on his books, up to and including the first day of January, eighteen hundred and eighty-five, the sum of about two hundred and forty thousand dollars, as having been paid out under the said Antichrése for the benefit of the estate of Portes, at.the request of the said Marquis de Portes and his wife, the defendant, Adele de Portes."

The decree appealed from was in these words : " That whatever is due, upon a proper accounting to the testator's estate for his loans and advances to the Marquis de Portes, or on his said guaranties, or to his daughter Adele, Marquise de Portes, secured by such antichresis, and all other sums advanced for the benefit of the estate of Portes, or expended upon the same, with interest thereon, is chargeable upon the residuary share of said Adele de Portes, and should be deducted therefrom ; and, if that should not be sufficient to pay the amount, she will not be entitled to the securities taken upon such loans and advances until she shall have paid the balance."

An order is then made of reference to a Master to take and state an account according to the decree.

This decision, we think, is erroneous in two respects.

In the first place, it is excessive in its estimate of the chargeability of the residuary share of the appellant. It authorizes a deduction from her quota of the residuum of the estate for all moneys expended on the estate de Portes by the testator. This is not according to the testamentary disposition. The will directs only *loans and advances* for the benefit of the estate to be deducted ; but the Chancellor orders moneys expended on the estate, that may be neither loans nor advances, to be subtracted.

According to this decree if the testator, without authority and for his own gratification, has expended moneys upon this property, such outlays are to be an offset to the claim of the appellant.

But this is plainly contrary to the testamentary intent. What the testator intended and has expressed is, that only authorized expenditures, and such as were, from their nature, liens upon the estate, should be charged against the appellant. This is clear from the expression, "loans and advances," which signify authorized expenditures, and from the fact that it was plainly the testator's intent, whenever the daughter's share was subjected to a deduction she was to receive, as an equivalent, the "securities taken for such loans." The decedent did not intend to improve his son-in-law's estate at the expense of his daughter, nor to have charged against her any expenditures that were not sanctioned by his son-in-law; nor any for which he should obtain no security. It is, therefore, only the authorized payments represented by a security that are to be deducted from the residuary share in question. The antichresis authorized the testator to expend, in the improvement of this property, only the sum of one hundred and fifty thousand francs; and if the testator, according to the alleged entry in his account-book, spent in this way more than that amount, the respondents, in order to charge such excess against the appellant, will have to show that the outlay was authorized, and that the moneys are in some manner secured. The respondents must pass to the appellant securities for all sums of money that they charge against her. In short we think that whatever the amount, such moneys as, at the time of the testator's death, remained unliquidated, either by direct payment to him, or by his receipts of the income and profits of the estate de Portes, of which he had possession, constitute a legal deduction from the share of the appellant in this residuary fund.

The second defect in this decree is, that it orders a reference to a Master to take and state an account in order to ascertain the expenditures and receipts in the management by the testator of the estate de Portes while in his possession.

This proceeding is not warranted by the bill. It is neither within its language nor its general object. The entire prayer of the bill is for a construction of the will in various of its phases. There can be no question that, in a proper case, the court of equity of this State could order this account to be taken; but this

Marquise de Portes *v.* Hurlbut.

bill does not present such case.   Nor is the present *status* of the case such as to render a reference expedient; the proper parties do not appear to be present.   It will be an important part of the inquiry before the Master to ascertain what part of the moneys, if any, expended by the testator in the improvement of the estate de Portes are a lien on such property by force of the antichresis or otherwise, and in order to make such an investigation definitive, the present owners of the land must be parties to the record. Such is not the present attitude, for the bill shows that Henri de Portes was an infant when it was filed, and he is not represented in the suit by guardian.   The order, in view of this circumstance, was obviously made from inadvertence.

But there is a more important objection.

The counsel of the respondents evidently regarded their bill as an application to the Chancellor for a construction of this will, and for nothing more; and, consequently, they have not filed any replication to the answer of the appellant, which answer has been put in under oath.   The complainants proceeded to trial on bill and answer only, and by force of the statute (*a*) the answer must be taken as true on all points, and the answer in this case denies that any moneys were advanced for the benefit of the de Portes estate, except such as are embraced in the antichresis.   If this be true, or, what is equivalent, if the complainants be estopped from denying its truth, the order of reference should have been confined to the outlay of such moneys only.

Let the decree be remodeled in conformity to the foregoing views.

*Decree unanimously reversed.*

(*a*) *Rev. 111 ¿ 43.*—That if any complainant proceed to hearing on bill and answer only, the answer shall be taken to be true in all points ; and no evidence shall be received unless it be matter of record to which the answer relates, and is provable by the same record.